CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: cmay@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendant,
FAMILY DOLLAR, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NYEISHA PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES, INC., a Delaware corporation; FAMILY DOLLAR STORES OF CALIFORNIA, INC., unknown entity; JAMES, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.:<br>(*Los Angeles County Superior Court Case No.: 21STCV15771*)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT, FAMILY DOLLAR, INC.**<br><br>Complaint Filed: April 27, 2021 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant FAMILY DOLLAR, INC., contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Los Angeles – Central District to the United States District Court, Central District of California – Western Division. The removal is based, specifically, on the following grounds:

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a), and is one which may be

1  removed to this Court by Defendant under 28 U.S.C. § 1441(b) because it is a civil
2  action between citizens of different states and the amount in controversy exceeds
3  $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332,
4  1441(a), and 1146(b).

5      2.      Venue is proper in this Court under 28 U.S.C. §§ 84(b), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3. On April 27, 2021, Plaintiff NYEISHA PETERSON commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint entitled *Nyeisha Peterson v. Family Dollar Stores, Inc. et al.,* Case No. 21STCV15771. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet and Civil Case Cover Sheet Addendum, Notice of Case Assignment, First Amended Standing Order Re: Personal Injury Procedures at the Spring Street Courthouse, Third Amended Standing Order Re: Final Status Conference Personal Injury ("PI") Courts, and Fifth Amended Standing Order Re: Final Status Conference Personal Injury ("PI") Courts, which were filed in this matter are attached and incorporated by reference collectively as **Exhibit "A."**

4. On May 25, 2021, Plaintiff filed in the state court a Proof of Service of Summons of the documents comprising **Exhibit "A"** on Family Dollar Stores of California, Inc., a true and correct copy which is attached hereto as **Exhibit "B."**

5. The Complaint names an individual defendant by the name of "James" who it alleges was a supervisor and/or management level employee of defendant FAMILY DOLLAR, INC. on the date of this incident. On May 26, 2021, Plaintiff filed in the state court a Proof of Service of the documents comprising **Exhibit "A"** which purported to evidence substitute service on "James," a true and correct copy of which is attached hereto as **Exhibit "C."**

6. On June 19, 2021, Plaintiff filed an Amendment to Complaint with the state court, naming FAMILY DOLLAR, INC. as defendant DOE 1, a true and correct copy of which is attached hereto as **Exhibit "D."**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

7. On June 24, 2021, the Summons, Complaint and associated documents comprising **Exhibit "A"** were served on FAMILY DOLLAR, INC. by service on FAMILY DOLLAR, INC.'s counsel of record with Notice and Acknowledgment of Receipt. FAMILY DOLLAR, INC's counsel of record signed and returned the Acknowledgment of Receipt on June 24, 2021. Attached hereto as **Exhibit "E"** is a true and correct copy of the fully executed Notice and Acknowledgment of Receipt – Civil executed on June 24, 2021 by FAMILY DOLLAR, INC.'s counsel of record.

8. On June 25, 2021, FAMILY DOLLAR, INC., filed its Answer to Complaint and Demand for Jury Trial. True and correct unconformed copies of Family Dollar, Inc.'s Answer to Complaint and Demand for Jury Trial are collectively attached and incorporated by reference as **Exhibit "F."** Defendant will file the conformed copies of the documents comprising **Exhibit "F"** upon receipt of same from the state court.

9. On June 25, 2021, simultaneously with the filing of its Answer to Complaint, FAMILY DOLLAR, INC. caused to be filed a Request for Dismissal of improperly named defendant Family Dollar Stores, Inc. and a Request for Dismissal of improperly named defendant Family Dollar Stores of California, Inc., true and correct unconformed copies of which are collectively attached as **Exhibit "G."** Defendant will file the conformed copies of the documents comprising **Exhibit "G"** upon receipt of same from the state court.

10. The attached exhibits constitute all process, pleadings and orders served upon or by Defendant in this matter.

## DIVERSITY

### A.   Citizenship

11. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant under 28 U.S.C. section 1441(b), as the action is

between citizens of different states.

12. Plaintiff was, at the time of the filing of this action, and presently remains domiciled in the State of California and is a citizen of the State of California.

13. Defendant FAMILY DOLLAR, INC., is a corporation. For diversity purposes, a corporation is deemed to be a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated in the State of Virginia, with its principal place of business in State of Virginia. Accordingly, Defendant is a citizen of the State of Virginia.

14. Complete diversity of citizenship exists as between Plaintiff NYEISHA PETERSON and Defendant FAMILY DOLLAR, INC.

**B.     Individual Defendant**

15. This action arises out of an incident alleged to have occurred on May 17, 2019 at the Family Dollar store located at 7300 S. Western Avenue, Los Angeles, California 90047 ("Western Avenue Store"). FAMILY DOLLAR, INC. has never employed in any capacity any individual by the name of "James" at the Western Avenue Store.

16. The citizenship of defendant "James" may be disregarded because he is a sham defendant, and has been fraudulently joined for the sole purpose of attempting to destroy diversity jurisdiction. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). It is well settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. *See, Morris,* 236 F.3d at 1067; *TPS Utilicom Serv., Inc. v. AT&T Corp.*, 223 F.Supp.2d 1089, 1100-01 (C.D. Cal.2002).

17. Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *Ritchey v. Upjohn Drug Co.*, 139 F3d 1313, 1318 (9th Cir. 1998); *McCabe*, 811 F.2d at 1339. When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D.Cal. 1979); *McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent").

18. If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party…at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 248-49 (E.D. Cal. 1992).

19. Plaintiff's Complaint for Damages alleges theories of liability based on negligence and premises liability. Each cause of action is based upon the allegation that she tripped and fell over debris on the floor of the store.

20. There is no reasonable basis for imposing liability on an unknown individual by the name of "James," who was not employed by FAMILY DOLLAR, INC. on the date of this incident. Attached hereto as **Exhibit "H"** is a true and correct copy of the Declaration of Jermaine Johnson dated June 29, 2021, confirming that there has never been any employee at the Western Avenue store by the name of "James" (either as a first or last name). There is, thus, no potential to hold this unknown individual liable on any theory for any dangerous condition of the Western Avenue store. *Alcaraz v. Vece*, 14 Cal. 4th 1149, 1162 (1997). It is clear that "James" is a "sham" defendant, joined only for the purpose of destroying complete diversity.

///

///

**C.** **Fictitious Does**

21. Defendants DOES 1 through 25, are wholly fictitious. The Complaint does not set forth the identity, citizenship, or status of any of said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

22. Plaintiff's Complaint sets forth causes of action for premises liability and general negligence. *See,* **Exhibit "A."** Plaintiff alleges that on May 17, 2019, while shopping at defendant's retail store, she tripped and fell on unmarked and/or unsecured construction debris causing her to suffer personal injuries. Although Plaintiff was prohibited from stating a specific amount demanded in his Complaint, Defendant has been able to ascertain through the Complaint and "other paper" that the amount in controversy exceeds $75,000.00.[1]

23. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *see, McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See, Cal. Code Civ. Proc.* § 425.10.

- 6 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b)
(DIVERSITY) BY DEFENDANT, DOLLAR TREE STORES, INC.**

removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also, Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

24. A defendant must merely set forth the underlying facts supporting an inference that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

25. Prior to serving defendant FAMILY DOLLAR, INC. with the documents comprising **Exhibit "A,"** plaintiff served on improperly named defendant Family Dollar Stores, Inc. a Statement of Damages under California *Code of Civil Procedure* § 452.11. The Statement of Damages establishes that the amount in controversy in this litigation exceeds the $75,000 statutory minimum. A true and correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit "I."**

26. Plaintiff's Statement of Damages states that she is seeking at least $1,000,000.00 in past and future medical expenses, among other damages claimed. *Ibid*. Thus, the amount in controversy exceeds the $75,000 statutory minimum and federal jurisdiction is proper.

27. 28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. A statement of damages under California Code

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT, DOLLAR TREE STORES, INC.**

of Civil Procedure section 425.11, is a written statement setting forth the nature and amount of damages being sought, and constitutes "other paper" under section 1446(b)(3). See *Hanson v. Equilon Enterprises LLC* (N.D.Cal. 2014) 2014 U.S. Dist. LEXIS 110795, *9 (finding statement of damages served on defendant by plaintiff constituted "other paper").

28. The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 or (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

29. Plaintiff's Statement of Damages constitutes "other paper" and satisfies the amount in controversy requirement. Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

30. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Defendant FAMILY DOLLAR, INC. of the initial pleading, to wit, Plaintiff's Complaint served on June 24, 2021, which first indicated that the matter is removable. 28 U.S.C. § 1446(b)(1).

31. Further, the instant removal is brought within one year of the commencement of the underlying action as required by 28 U.S.C. section 1446(c)(1). As noted, Plaintiff filed her Complaint on April 27, 2021.

///
///
///
///

32. For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) and removal is proper at this time.

Dated:  July 1, 2021

THARPE & HOWELL, LLP

By: _____
CHARLES D. MAY
ANDREA BREUER
Attorneys for Defendant,
FAMILY DOLLAR, INC.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 9 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT, DOLLAR TREE STORES, INC.**

Case 2:21-cv-05370-FLA-AS   Document 1   Filed 07/01/21   Page 10 of 10   Page ID #:10

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT, DOLLAR TREE STORES, INC.**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Daniel Azizi, Esq.<br>Igor Fradkin, Esq.<br>DOWNTOWN L.A. LAW GROUP<br>601 N. Vermont Avenue<br>Los Angeles, CA  90004<br>Tel: 213-389-3765<br>Fax: 877-389-2775<br>Email: Daniel@downtownlalaw.com<br>igor@downtownlalaw.com<br><br>elizabeth@downtownlalaw.com | Attorneys for Plaintiff, NYEISHA PETERSON |

5. a. **X**    **ONLY BY ELECTRONIC TRANSMISSION.** Only by e-mailing the document(s) to the persons at the e-mail address(es) listed during the Coronavirus (Covid-19) pandemic and pursuant to Local Rule 5-3.2and Fed.R.Civ.P.Rule 5, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mails. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 7/1/2021 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32121\Pleadings\FEDERAL\Notice of Removal.docx

- 10 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT, DOLLAR TREE STORES, INC.**